Juan Carlos PEREZ–GARCIA,
et al., Plaintiffs,

v.

PUERTO RICO PORTS AUTHORITY,
et al., Defendants,

v.

Kingfisher Air Services, Inc., et al.,
Third–Party Defendants.

Civil No. 08–1448 (GAG).

United States District Court,
D. Puerto Rico.

July 3, 2012.

David W. Roman, Ubarri & Roman, San Juan, PR, for Plaintiffs.

Jaime F. Agrait-Llado, Agrait Llado Law Office, Jaime E. Morales-Morales, Morales Morales Law Offices, Ramon L. Walker-Merino, Walker Merino Law Office, San Juan, PR, Jeffrey F. Clement, Hoff & Herran, Chicago, IL, Louis R. Martinez, Richard Ritorto, Martinez & Ritorto PC, New York, NY, for Defendants.

Jose Luis Ubarri-Garcia, Ubarri & Roman, San Juan, PR, for Plaintiffs/Defendant.

Juan M. Frontera-Suau, Ufret & Frontera Law Firm, San Juan, PR, for Defendant/Third-Party Defendants.

James S. Usich, Law Firm James S. Usich, P.A., Palmetto Bay, FL, for Defendants/Third-Party Defendants.

Israel O. Alicea-Luciano, Herman W. Colberg, Herman W. Colberg Law Office, Harold D. Vicente-Colon, Vicente & Cuebas, Ivan R. Fernandez-Vallejo, Rodriguez & Fernandez, San Juan, PR, Cristina A. Fernandez-Rodriguez, Totti & Rodriguez Diaz, Hato Rey, PR, for Third-Party Defendants.

## ORDER

GUSTAVO A. GELPÍ, District Judge.

Juan Carlos Perez–Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and

their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (*See* Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves three motions *in limine* filed by Club Car. The first motion seeks to exclude reference to or discussion of reported prior accidents of the DS model golf car (Docket No. 618). CAF opposed said motion (Docket No. 674), PRPA and KF joined that opposition (Docket Nos. 681 & 693). KF also opposed the motion in a separate memorandum (Docket No. 690). For the following reasons the court **GRANTS in part** and **DENIES in part** Club Car's motion to exclude evidence of prior incidents (Docket No. 618) and orders Club Car to **SHOW CAUSE** why a negative inference should not apply to the 2010 incident. The second motion seeks to exclude discussion of a California Court of Appeals decision from 2000 (Docket No. 649). CAF opposed said motion (Docket No. 674), PRPA and KF joined that opposition (Docket Nos. 681 & 693). For the following reasons the court **GRANTS** Club Car's motion at Docket No. 649. The third motion seeks to prevent Anthony Storace's testimony regarding his personal experiences with golf cars (Docket No. 641). CAF opposed said motion (Docket No. 674), PRPA and KF joined that opposition (Docket Nos. 681 & 693). For the following reasons the court **DENIES** Club Car's motion at Docket No. 641.

### I. Legal Standard

Rule 402 of the Federal Rules of Evidence states, "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution, a federal statute, these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." FED.R.EVID. 402. The test for relevant evidence is that, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. Relevant evidence may be inadmissible because its probative value is outweighed by its unfair prejudicial value, confuses the issues or misleads the jury. *See* FED.R.EVID. 403. In conducting a Rule 403 analysis for being unfairly prejudicial, the court only seeks to avoid unfair prejudice, because all evidence is designed to be prejudicial in some capacity. *See U.S. v. Varoudakis,* 233 F.3d 113, 122 (1st Cir.2000).

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *See* FED.R.EVID. 801. Rule 802 bars hearsay testimony unless allowed by a federal statute, another Federal Rule of Evidence, or other rules prescribed by the Supreme Court. *See* FED.R.EVID. 802. Rule 803 provides for numerous exceptions to the

---

**1.** ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company–Puerto Rico ("Chartis")

general rule barring hearsay from being admitted into evidence. *See* FED.R.EVID. 803.

## II. Legal Analysis

### A. Past Accidents Involving Club Car DS Model Cars.

Club Car seeks to preclude evidence regarding nine prior accidents involving Club Car golf cars. (*See* Docket No. 618.) Club car argues that these accidents are substantially dissimilar so as to not be relevant, and in the alternative, argues that the evidence lacks evidentiary foundation, contains hearsay and is unfairly prejudicial. (*See id.*) CAF argues the lack of evidence is due solely to Club Car's destruction of the evidence and asks the court place a negative inference upon the evidence. (*See* Docket 674 at 3.)

#### 1. Similarity of Incidents

The parties disagree regarding how similar past instances must be to the present incident in order for the two to be deemed sufficient similar and therefore relevant. Club Car lists twenty details involved in the current incident that must be shared with previous incidents in order for them to be deemed similar. This standard is exacting and inconsistent with First Circuit precedent. A more flexible approach governs the 'substantially similar' analysis. *See Moulton v. Rival Co.*, 116 F.3d 22, 26–27 (1st Cir.1997) (finding substantial similarity between instances when hot liquid escaped from potpourri container, regardless of how the container tipped over).

 Applying the appropriate standard, the court finds the following to be similar instances of incidences when the parking brake may have been released without being commanded: (1) the January 9, 2000 accident; (2) the August 10, 2001 accident; (3) the February 3, 2003 accident; and (4) the February 9, 2010 accident. These instances all involve the supposed release of the parking brake.

(*See* Docket No. 618 at 5–7.) The remaining incidents occurred either while on a hill or when the operator supposedly did not engage the brake. The allegations in this case are that the golf car, while on a flat surface, experienced an uncommanded brake release and then propelled forward. The four aforementioned instances are the only ones which are substantially similar to be relevant.

#### 2. Spoliation of Evidence

 Each party has the duty to preserve documentation that may lead to discoverable evidence once it has notice, or should foresee, that a lawsuit is or will be initiated. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y.2003); *Renda Marine, Inc. v. U.S.*, 58 Fed.Cl. 57, 60 (Fed.Cl.2003) (stating parties have the duty to preserve evidence during period prior to litigation when party "reasonably should know that the evidence may be relevant to anticipated litigation"), *see also*, Paul Ward et al., *Electronic Discovery: Rules for a Digital Age*, 18 B.U.J. SCI. & TECH. L. 150, 151 (2012). Violation of this duty may result in sanctions pursuant to Federal Rule of Civil Procedure 37 or to the court's inherent powers. *See Zubulake*, 220 F.R.D. at 216; FED.R.CIV.P. 37. No duty to preserve documents arises prior to the foreseeable filing of an action.

 In this case, CAF seeks sanctions against Club Car for not maintaining records dating back to 1995, roughly ten years prior to the injury in this case. Such a request is not supported by the rules or the case law on the subject. Corporations may maintain their records according to their business practices, so long as the record keeping does not afoul of the rules outlined by the Federal Rules of Civil Procedure, the Federal Rules of Evidence and judicially created rules of the court. Club Car's policy is to only retain

documents involving such instances until the local statute of limitations runs. (*See* Docket No. 674 at 7.) There is no evidence in this case that Club Car intentionally disposed of documentation in order to gain an advantage in the current litigation. Furthermore, as far as the court is aware, Club Car was under no obligation to retain the documents relating to the first eight incidences. Therefore, the court will not apply a negative inference to those incidences occurring between 1995 and 2003. CAF cites to an Eighth Circuit case that states a negative inference can be given when the company's policy for retention of documents is unreasonable or in bad faith. *See Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1111–12 (8th Cir.1988). The court finds Club Car's policy neither unreasonable nor in bad faith.

■ However, the present complaint arises out of an incident occurring in 2006. Litigation had already commenced by the time the ninth incident took place on February 3, 2010. The court has previously found this incident to be substantially similar to the present case and therefore relevant. The two incidences also involve the same DS model golf car. CAF admits it was given invoices for damage to the other car involved in the 2010 incident, but no other documentation. However, Club Car now presents the court with an account of the events of that day. (See Docket No. 618 at 7.) Seemingly there must be some documentation, investigation or report regarding this incident other than damage invoices and a surveillance video. The court hereby orders Club Car to **SHOW CAUSE** on or before July 10, 2012 as to why it should not give a negative inference instruction regarding this incident.

### 3. Hearsay

■ Finally, Club Car argues this evidence of these prior instances are barred due to hearsay. The court agrees. Having found the retention policy of Club Car reasonable and not in bad faith, the remaining evidence does not rely upon personal knowledge and will require the court to delve into areas of prior instances that certainly shifts the focus from the instant events to the facts of other instances. It also may require the court to allow adversarial testimony taking up much of the jury's, the parties and the court's time for little probative evidence. CAF and other third-party plaintiffs may still argue a defect in the braking system, but will not be allowed the use of these prior instances to do so. The only prior instance this does not apply to is the incident of February 9, 2010. The court shall wait for Club Car's response to the court's show cause order before ruling on that admissibility of that incident.

Therefore, the court **GRANTS in part** and **DENIES in part** Club Car's motion to exclude at Docket No. 618. Further the court orders Club Car to **SHOW CAUSE** on or before July 10, 2012 as to why it should not allow the evidence of the February 9, 2010 incident and give the jury a negative inference instruction due to the lack of documentation regarding the incident. For the same reasons as discussed herein, the court **GRANTS** Club Car's motion at Docket No. 649 seeking exclusion of the 1995 incident.

### B. Anthony Storace's Testimony Regarding Personal Experience With Golf Cars

■ In the next motion, Club Car seeks to exclude the testimony of Anthony Storace ("Storace") based on his personal experience with golf cars in the past. In his deposition, Storace testified that it is common for golf car brakes to unexpectedly release. (*See* Docket No. 641–1 at 4.) Storace stated that this has happened to him while he was out golfing with friends.

(*See id.*) Club Car seeks exclusion of this testimony because Storace could not specifically state the day and time he was golfing with a Club Car golf cart.

The court finds Storace's testimony is relevant and not unfairly prejudicial. Any prejudical value the evidence contains can be clarified on cross-examination. The fact that Storace cannot state a specific date and time he has experienced an unexpected brake release does not make his testimony not relevant; it goes to the weight of the evidence to be determined by the jury. Therefore, the court **DENIES** Club Car's motion at Docket No. 641.

## III. Conclusion

For the above mentioned reasons, the court **GRANTS in part** and **DENIES in part** Club Car's motion to exclude at Docket No. 618. Further, the court orders Club Car to **SHOW CAUSE** as to why it should not allow the evidence of the February 9, 2010 incident and give the jury a negative inference instruction due to the lack of documentation regarding the incident. The court **GRANTS** Club Car's motion at Docket No. 649 seeking exclusion of the 1995 incident. The court **DENIES** Club Car's motion at Docket No. 641 seeking exclusion of Storace's personal knowledge of parking brakes releasing.

**SO ORDERED.**